UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRANCE GLASPIE #610613** | **CASE NO.  2:21-CV-02550** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KIEFER CARTER ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is Defendants' Motion for Involuntary Dismissal for Failure to Prosecute (Doc. 34), wherein Palmetto Entergy Resources, Inc. ("Palmetto") and Selective Insurance Company of South Carolina (collectively, "Movants") ask the Court to dismiss above captioned action of Plaintiff Terrance Glaspie with prejudice. Plaintiff opposes the motion. Doc. 37. Additionally, Plaintiff-in-Intervention, Zurich American Insurance Company ("Zurich") opposes the Motion insofar as dismissing it. Doc. 39.

### I.   BACKGROUND

This diversity action arises from a motor vehicle accident on September 21, 2020, between Plaintiff and Defendant Kiefer Carter ("Carter"), wherein Plaintiff was acting in the course and scope of his employment with a non-party Tetra Tech, Inc. ("Tetra"). Doc. 1-3. Tetra had a workers' compensation insurance policy in effect through Zurich, which provided payment of medical expenses and lost wages based on the injuries that Plaintiff suffered in the accident. Doc. 1-4. On March 31, 2021, Plaintiff filed suit in the 14th Judicial District Court, Parish of Calcasieu, Lake Charles, Louisiana, against Carter and Movants[1]

---

[1] Palmetto is Carter's employer. Selective Insurance Company of South Carolina is Palmetto's insurer.

for damages. Doc. 1-3. Zurich then intervened in that lawsuit, asserting a claim against Carter and Movants for reimbursement of the workers' compensation benefits it had paid to Plaintiff. Doc. 1-4. On August 17, 2021, the case was removed to this court. Doc. 1.

On September 29, 2022, a Motion to Withdraw as Counsel of Record (Doc. 20) was submitted by Plaintiff's counsel at the time, Joseph Burke, wherein Mr. Burke stated that he was unable to effectively communicate with Plaintiff regarding the claim. Plaintiff was served with written notice of Mr. Burke's Motion to Withdraw, and Mr. Burke explained to Plaintiff the procedure to follow to participate in the telephone conference on the Motion to Withdraw. Docs. 34-2, -3. On October 4, 2022, an Order (Doc. 22) set a telephone conference for October 11, 2022, at 10:30 AM for the Motion to Withdraw. On October 11, 2022, a hearing was held before Magistrate Judge Kay; however, Plaintiff did not participate. The Motion to Withdraw was granted and Plaintiff was provided with the minutes of the proceeding by the clerk via mail. Doc. 23. The minutes stated that Plaintiff was advised that he is now representing himself and that it was incumbent upon him to be aware of and abide by the various orders and rules of the Court and to cooperate with defense counsel in obtaining information properly requested according to those rules. *Id.* Plaintiff was further advised that neither chambers, defense counsel, nor the clerk can provide legal advice to him. *Id.* Additionally, Plaintiff was advised that his failure to follow rules and cooperate could ultimately result in a recommendation that his case be dismissed. *Id.* Plaintiff was also notified that it is his responsibility to be certain that chambers, the clerk of court and opposing counsel have all current contact information for him. *Id.* Lastly, that Plaintiff is to advise all of the above should his contact information change. *Id.*

On December 8, 2022, a scheduling conference occurred, and Plaintiff participated by telephone. (Doc. 40). *Id.* At onset of the conference Plaintiff advised that the mailing address listed on the docket sheet for him was not his permanent address, that in fact at the time he was homeless, but suggested he could nevertheless receive mail at that location. *Id.* Plaintiff was then instructed by the court to obtain a post office box on/or before January 6, 2023, and to advise the Court and opposing counsel of that information so that the Court would have an adequate mailing address for him. *Id.* The Court also read to plaintiff verbatim the information found in the minutes of October 11, 2022 (Doc. 23), explaining his duties and obligations to act as a pro se litigant. He was further instructed to comply with discovery previously sent to him by the Defendants. Doc. 40.

On January 3, 2023, Plaintiff was incarcerated at the Calcasieu Parish Correctional Center, 5410 E. Broad St., Lake Charles, Louisiana. Doc. 37. On February 13, 2023, Plaintiff notified the Court that he was incarcerated at the foregoing address. Doc. 33.

## II. **LAW & ANALYSIS**

On the defendant's motion or on its own motion, a court may order an involuntary P dismissal against a plaintiff for failure to: (1) prosecute; (2) comply with the Federal Rules; or (3) comply with a court order. Fed. R. Civ. P. 41(b). An involuntary dismissal is with prejudice and thus operates as adjudication on the merits unless the court orders otherwise. *Id.*

Here, Movants seek to dismiss claims with prejudice because of Plaintiff's failure to prosecute his case and cooperate with the defense and orders of the Court. Doc. 34-1, p. 2. Additionally, Movants allege that Plaintiff has failed to provide initial disclosures, confer

with opposing counsel and submit a proposed discovery plan, and file a Rule 26(f) Report. *Id.* Conversely, the Plaintiff claims that Movants have not proven that anything was mailed to him pertaining to the instant Motion, and he never received such mail. Doc. 34. Additionally, Plaintiff acknowledges the January 6, 2023 P.O. Box address deadline provided to him by the Court at the December 8, 2022 telephone conference but contends that he was incarcerated before the deadline on January 3, 2023. *Id.*

Plaintiff's situation is unfortunate; however, as a pro se litigant he still must comply with the Court's orders and cooperate with the opposing party, which was explained to him at the December 8, 2022 conference. Though, Plaintiff was incarcerated, he still had a reasonable amount of time to acquire a P.O. Box as ordered by the Court. Doc. 40. Additionally, Plaintiff was made plainly aware of the responsibilities that attend him as a pro se litigant. *Id.* Thus, because Plaintiff has shown no acts that would redound to his credit in complying with this Court's orders, specifically those from the December 8, 2022 phone conference, his claims against Movants will be dismissed with prejudice.

Additionally, because Zurich timely intervened in this action to demand reimbursement from Movants, its reimbursement rights against Movants remains viable. La. R.S. § 23:1101(B) (2023); *Travelers Ins. Co. v. Joseph*, 656 So. 2d 1000, 1003 (La. 1995) ("The legislative scheme [of Section 23:1101(B)] provides compensation insurers with a reimbursement cause of action against third persons.").

### III. CONCLUSION

For the above stated reasons, the Motion (Doc. 34) will be **GRANTED** as follows: all claims by Plaintiff against defendants Palmetto Entergy Resources, Inc. and Selective

Insurance Company of South Carolina will be dismissed with prejudice whereas all other claims remain.

    **THUS DONE AND SIGNED** in Chambers on this 14th day of March 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**