UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TERRANCE GLASPIE #610613**        **CASE NO. 2:21-CV-02550**

**VERSUS**        **JUDGE JAMES D. CAIN, JR.**

**KIEFER CARTER ET AL**        **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss for Insufficiency of Service of Process" (Doc. 48). Plaintiff has filed an opposition.

## INTRODUCTION

This diversity action arises from a motor vehicle accident on September 21, 2020, between Plaintiff and Defendant, Kiefer Carter.[1] On March 31, 2021, Plaintiff, through counsel, filed suit in the 14th Judicial District Court, Parish of Calcasieu, Lake Charles, Louisiana, against Carter and other Defendants.[2] The suit was later removed to this Court.[3]

On September 29, 2022, a Motion to Withdraw as Counsel of Record[4] was submitted by Plaintiff's counsel at the time, Joseph Burke, wherein Mr. Burke stated that he was unable to effectively communicate with Plaintiff regarding the claim. Plaintiff was served with written notice of Mr. Burke's Motion to Withdraw, and Mr. Burke explained to Plaintiff the procedure to follow to participate in the telephone conference on the Motion

---

[1] Doc. 1-2.
[2] *Id.*
[3] *Id.*
[4] Doc. 20.

to Withdraw.[5] On October 4, 2022, Magistrate Judge Kay issued an Order[6] setting a telephone conference for October 11, 2022, at 10:30 a.m. for the Motion to Withdraw. On October 11, 2022, a hearing was held before Magistrate Judge Kay, however, Plaintiff did not participate. The Motion to Withdraw was granted and Plaintiff was provided with the minutes of the proceeding by the clerk via mail.[7] The minutes stated that Plaintiff was advised that he is now representing himself and that it was incumbent upon him to be aware of and abide by the various orders and rules of the Court and to cooperate with defense counsel in obtaining information properly requested according to those rules.[8] Plaintiff was further advised that neither chambers, defense counsel, nor the clerk can provide legal advice to him. Additionally, Plaintiff was advised that his failure to follow rules and cooperate could ultimately result in a recommendation that his case be dismissed. Plaintiff was also notified that it is his responsibility to be certain that chambers, the Clerk of Court and opposing counsel have all current contact information for him. Lastly, that Plaintiff is to advise all of the above should his contact information change.[9]

A scheduling conference was set for December 8, 2022, before Magistrate Judge Kay.[10] Magistrate Judge Kay ordered Plaintiff to procure a P.O. Box by January 6, 2023, so he could receive mail and that he provide that address to the Court.[11] Plaintiff failed to do so.

---

[5] Docs. 34-2, -3.
[6] Doc. 22.
[7] Doc. 23.
[8] *Id.*
[9] *Id.*
[10] Doc. 28.
[11] Doc. 40.

On or about January 3, 2023, Plaintiff was arrested and incarcerated in the Calcasieu Parish Correctional Center.[12] On February 13, 2023, Plaintiff notified the Court of his recent incarceration.

On March 14, 2023, this Court granted a dismissal with prejudice of Defendants Palmetto Entergy Resources, Inc. and Selective Insurance Company of South Carolina due to Plaintiff's failure to prosecute the matter.[13]

## LAW AND ANALYSIS

Defendant, Carter has filed a Motion to Dismiss for insufficient service of process because Plaintiff has failed to effectuate service of process by providing a copy of the summons and complaint to Carter within the 90-day period. In addition, as of this date, Plaintiff has not served Carter with a copy of the summons and Complaint.

Rule 12(b)(5) enables a defendant to file a motion to dismiss for a plaintiff's failure to effect service of process. Rule 4 of the Federal Rules of Civil Procedure outlines the service requirements. Rule 4(m) states that if a Plaintiff fails to effect service of process on a defendant within 90 days after filing a complaint, a District Court must dismiss the action without prejudice against Defendant or issue an order that service be made within a specified period of time. Fed. R. Civ. Pro. 4(m). The decision to dismiss the action without prejudice or quash service of process but preserve the action is within the broad discretion of the District Court. *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996). See also *Gordon v. John Deere Co.*, 320 F. Supp. 293, 296 (N.D. Fla.

---

[12] Doc. 37.
[13] Doc. 45.

1970), *aff'd*, 466 F.2d 1200 (5th Cir. 1972) ("In cases in which a movant requests both a dismissal of the action and in the alternative quashing of service of process, or asks for both forms of relief, the courts have broad discretion either to dismiss the case or to retain it but quash the service.").

When a defendant files a motion to dismiss for insufficient service of process, the burden of proof to establish that service of process was proper shifts to the plaintiff. *Lazaro v. U.S. Dept. of Agr.*, 186 F. Supp. 2d 1203, 1217 (M.D. Fla. 2001). See also *Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-CIV, 2009 WL 5128504 *1, *3 (S.D. Fla. Dec. 18, 2009); *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 (1st Cir. 1986). As a result, the plaintiff must establish a prima facie case that service of process on the defendant was sufficient. *Supreme Fuels*, 2009 WL 5128504 at *3. See also *Northrup King Co. v. Compania Productora Semillas Algodoneras, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).

"Good cause" can be shown by demonstrating a defendant evaded service, see *Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997), or some other "showing of good faith on the part of the party seeking the enlargement of time and some reasonable basis for noncompliance within the time specified." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule," and the court is "not compelled to accept a lesser 'excusable neglect' showing" to support a finding of good cause. *Id*. at 175.

Plaintiff filed suit in state court on March 31, 2021; the suit was removed to this Court on August 17, 2021.[14] Rule 4(m) of the Federal Rules of Civil Procedure mandates that Plaintiff serve Defendant Kiefer Carter no later than June 29, 2021. As of this date, Plaintiff has not served Carter. Carter asserts that he has not refused or evaded service of process. In his opposition, Plaintiff does not dispute this.

The Court notes that the record reflects that Plaintiff has failed to comply with a majority of this Court's order, as well as the Rules of Civil Procedure. For instance, Plaintiff failed to participate in a telephone conference set by Magistrate Judge Kay on October 11, 2022. Plaintiff failed to obtain a P.O. Box and provide that mailing address to the Court as instructed. Plaintiff has failed to provide initial disclosures, confer with opposing counsel, submit a proposed discovery plan, and file a Rule 26(f) Report.[15]

This Court has discretion to either dismiss the action without prejudice or grant Plaintiff additional time to serve Defendant, Carter. Plaintiff has failed to inform the Court as to why he has not served Carter. Thus, there is no good cause for Plaintiff's failure to effect service.

## **CONCLUSION**

Due to Plaintiff's refusal to comply with the orders of this Court and the Federal Rules of Civil Procedure, as well as his failure to timely serve Carter, the Court will dismiss this action without prejudice.

---

[14] Doc. 1.
[15] Doc. 34-1.

For the reasons set forth herein, the Defendant's Motion to Dismiss for Insufficiency of Service of Process (Doc. 48) will be granted, dismissing Plaintiff's Complaint against Kiefer Carter, without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 24th day of April, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**